**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN SWAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GENERAL CABLE INDUSTRIES, INC., )<br>)<br>Defendant. ) | Case No. 3:18-cv-1090-NJR-DGW |

## **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The parties, by and through their respective counsel, hereby stipulate to the terms of this Protective Order. Accordingly, IT IS HEREBY ORDERED THAT:

1. In the course of discovery or hearings conducted in this matter, the parties may produce certain information and documents that will include confidential personnel, employment and/or medical information and records of past and current employees who are not parties to this case; confidential commercial, business and financial information and records of Defendant General Cable Industries, Inc.; and/or other confidential information and records, including Defendant General Cable Industries, Inc.'s internal policies, business operations and practices.

2. This Stipulated Protective Order shall govern any record of information produced in this action and designated pursuant to this Stipulated Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

3. During the course of discovery or any hearing in this matter, whenever a party produces or discloses or anticipates producing or disclosing any confidential personnel,

employment, commercial, business, financial, and/or other confidential information, the disclosing or producing party may designate that material as "Confidential" (hereinafter "Confidential Information"). The following limitations on the use and disclosure of such Confidential Information shall be imposed.

4. All copies of documents, discovery responses or other materials produced and designated as Confidential Information, and those portions or transcripts of depositions or other testimony in which Confidential Information has been designated shall have clearly stamped thereon "Confidential" in a place or manner which avoids any interference with the legibility of the material.

5. Documents, discovery responses, deposition and hearing transcripts, and other materials designated as Confidential Information and stamped "Confidential" pursuant to paragraphs 2, 3, and 4 and the information contained therein shall be used only in connection with the prosecution or defense of this litigation and may be disclosed only as follows:

    a. Unless otherwise specifically agreed in writing between the parties, Confidential Information may be disclosed only to the parties, the parties' attorneys, members of the paralegal, secretarial or clerical staff assisting such counsel, and court reporters covering depositions or court hearings.

    b. Counsel for the receiving party may disclose Confidential Information of the disclosing party to independent experts specifically retained or consulted for the purposes of this litigation. The counsel disclosing such material to such persons shall be responsible for obtaining an executed certificate in advance of such disclosure that states that he or she has read this Stipulated Protective Order and agrees to comply with its terms.

c. No copies of Confidential Information shall be provided to witnesses who are not otherwise entitled to access to such documents hereunder. The use of Confidential Information in accordance with this Stipulated Protective Order in the taking of depositions or at any hearing or trial in this matter, including their use as exhibits in such depositions, shall not cause such documents or information to lose their status as Confidential Information.

d. The parties will use reasonable care to avoid designating any documents or information as Confidential Information that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or deposition that is Confidential Information, rather than the entire document or deposition. For example, if a party claims that a document contains sensitive personnel or employment information that is Confidential, the party will designate only that part of the document setting forth the specific personnel or employment information as Confidential, rather than the entire document.

6. After termination of this litigation, whether by trial, appeal, settlement or otherwise, the provisions of this Stipulated Protective Order with respect to the use and dissemination of Confidential Information shall continue to be binding. All copies of any such information received by opposing counsel shall be returned or destroyed at the termination of this litigation and receiving counsel shall certify, in writing, to counsel for the disclosing or producing party that such documents have been returned or destroyed.

7. The Court shall retain jurisdiction over the attorneys, the parties and any recipients of Confidential Information for enforcement of the provisions of the Stipulated Protective Order following termination of this litigation.

8. Nothing in this Stipulated Protective Order shall be deemed or construed to be a waiver by either party of its right to object on any grounds to the use of any Confidential Information, or any portions thereof, at the trial of this matter.

9. Documents, discovery responses or other materials designated as Confidential Information may be copied or otherwise reproduced without the permission of the producing party or an order of the Court by persons entitled to receive such information pursuant to paragraph 5 of this Stipulated Protective Order, provided that the use of such copies is restricted in accordance with this Stipulated Protective Order. All copies so made shall be deemed Confidential Information under the terms of this Stipulated Protective Order and shall be destroyed at the termination of this litigation as provided in paragraph 6 herein.

10. In the event a party contends that the information or documents produced pursuant to this Stipulated Protective Order and designated as Confidential Information should not be subject to the limitations on disclosure contained herein, then the parties may so agree in writing, or, if the parties cannot reach agreement, the party challenging the designation may apply to the Court for relief from the Stipulated Protective Order.

11. This Stipulated Protective Order does not restrict or otherwise limit the disclosing or producing party from the use by or dissemination of its or their own confidential information and materials in any manner whatsoever, including to its employees, attorneys, agents, experts and consultants.

12. This Stipulated Protective Order shall be binding upon the parties hereto, their successors, representatives and assigns, as well as all counsel for the parties hereto and their paralegals and office employees.

Respectfully submitted this 19th day November of, 2018.

| BOYLE BRASHER LLC | JACKSON LEWIS P.C. |
|---|---|
| */s/ Andrew C. Corkery (with consent)*<br>Andrew C. Corkery, #06273816<br>5000 West Main Street, P.O. Box 23560<br>Belleville, IL 62223<br>(618) 277-9000 - *Telephone*<br>(618) 277-4594 - *Facsimile*<br>acorkery@boylebrasher.com | */s/ Katrina Y. Morgan*<br>Katrina Y. Morgan, #6297238<br>222 S. Central Avenue, Ste. 900<br>St. Louis, MO 63105<br>(314) 827-3939 – *Telephone*<br>(314) 827-3940 – *Facsimile*<br>Katrina.Morgan@jacksonlewis.com |
| And | *Attorneys for Defendant* |
| Todd McFarland, #06272690<br>General Conference of Seventh-day Adventists<br>12501 Old Columbia Pike<br>Silver Spring, MD 209904-6600<br>mcfarlandt@gc.adventist.org | |
| *Attorneys for Plaintiff* | |

**IT IS SO ORDERED**

**DATED: December 5, 2018**



**DONALD G. WILKERSON**
**United States Magistrate Judge**